UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA VAZQUEZ, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **COMPLAINT -- CLASS ACTION AND DEMAND FOR JURY TRIAL** |
| HUNTER WARFIELD, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, HUNTER WARFIELD, INC. ("HUNTER WARFIELD") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Dauphin County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. HUNTER WARFIELD maintains a location at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

7. HUNTER WARFIELD uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8. HUNTER WARFIELD uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. HUNTER WARFIELD is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. At some time prior to January 22, 2019, Plaintiff allegedly incurred a financial obligation to CAMDEN BRICKELL 615 ("CAMDEN BRICKELL").

16. Plaintiff allegedly incurred the CAMDEN BRICKELL obligation in connection with an apartment rental.

17. The CAMDEN BRICKELL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. Plaintiff incurred the CAMDEN BRICKELL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

19. The CAMDEN BRICKELL obligation did not arise out of a transaction that was for non-personal use.

20. The CAMDEN BRICKELL obligation did not arise out of a transaction that was for business use.

21. The CAMDEN BRICKELL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. CAMDEN BRICKELL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

23. On or before January 22, 2019, CAMDEN BRICKELL referred the CAMDEN BRICKELL obligation to HUNTER WARFIELD for the purpose of collections.

24. At the time the CAMDEN BRICKELL obligation was referred to HUNTER WARFIELD, the CAMDEN BRICKELL obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

25. HUNTER WARFIELD caused to be delivered to Plaintiff a letter dated January 22, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

26. The January 22, 2019 letter was sent to Plaintiff in connection with the collection of the CAMDEN BRICKELL obligation.

27. The January 22, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. Upon receipt, Plaintiff read the January 22, 2019 letter.

29. The January 22, 2019 letter provided the following information regarding the balance claimed due on the CAMDEN BRICKELL obligation:

 Interest            $1,307.98
 Current Balance     $6,456.94

30. The January 22, 2019 letter stated in part that:

> The total balance due through the date of this letter is $6,456.94. Because of interest at the rate of 4.75%, **late charges**, or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. Please contact our office for your payoff. (emphasis added)

31. As of the date of the January 22, 2019 letter, CAMDEN BRICKELL ceased assessing late charges on the CAMDEN BRICKELL obligation.

32. As some time prior to January 22, 2019 letter, CAMDEN BRICKELL ceased charging or adding late charges to the balance of the CAMDEN BRICKELL obligation.

33. CAMDEN BRICKELL never authorized HUNTER WARFIELD to charge or add late charges to the balance of the CAMDEN BRICKELL obligation.

34. As of the date of the January 22, 2019 letter, neither CAMDEN BRICKELL nor HUNTER WARFIELD had the legal or contractual authority to assess late charges on the CAMDEN BRICKELL obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

35. As of the date of the January 22, 2019 letter, neither CAMDEN BRICKELL nor HUNTER WARFIELD had the legal or contractual authority to assess interest on the CAMDEN BRICKELL obligation.

36. The interest being assessed on the CAMDEN BRICKELL obligation was only available if the obligation was reduced to a judgment.

37. The CAMDEN BRICKELL obligation was never reduced to a judgment.

38. HUNTER WARFIELD knew or should have known that its actions violated the FDCPA.

39. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

40. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

      (c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

      (d)    Making a false representation of the character, amount legal status of the debt.

41. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

43. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from HUNTER WARFIELD, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

44. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**)**.** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

      d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

45. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

46. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

47. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

48. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

51. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges.

52. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional interest.

53. Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the CAMDEN BRICKELL obligation would increase due to late charges.

54. Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the CAMDEN BRICKELL obligation would legally increase due to interest.

55. Defendant's letters would cause the least sophisticated consumer to believe that the balance of the CAMDEN BRICKELL obligation could increase due to late charges.

56. Defendant's letters would cause the least sophisticated consumer to believe that the balance of the CAMDEN BRICKELL obligation could increase due to interest.

57. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the CAMDEN BRICKELL obligation could increase due to late charges.

58. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the CAMDEN BRICKELL obligation could increase due to interest.

59. Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges violated

various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

60. Defendants' representation that the amount due could increase due to additional interest when in fact the amount due would not and did not legally increase due to interest violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

64. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest.

65. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

66. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

67. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

68. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

69. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges were no longer being assessed on the CAMDEN BRICKELL obligation.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest.

73. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest.

74. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

75. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

76. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest when in fact the amount due could not legally increase due to interest.

77. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

78. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges.

79. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional interest when in fact the amount due could not legally increase due to interest.

80. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

81. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

83. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

84. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

85. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

86. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 4, 2019

*s/ Robert P. Cocco*
Robert P. Cocco, Esq.
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile

# EXHIBIT A



January 22, 2019

**Maria Vazquez**
**132 KESTREL CT**
**HUMMELSTOWN, PA 17036**

Re: Original Creditor Name : CAMDEN BRICKELL 615
 Original Creditor Address : 50 SW 10TH ST STE 201
 : MIAMI, FL 33130
 Original Account No. : 1008
 Hunter Warfield Account No. : 5905769
 Interest : $1,307.98
 Current Balance : $6,456.94

**Dear Maria Vazquez,**

Enclosed is verification of debt pursuant to 15 U.S.C.§ 1692g of the Fair Debt Collection Practices Act.

The total balance due through the date of this letter is $6,456.94. Because of interest at the rate of 4.75%, late fees, or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. Please contact our office for your payoff.

If this debt is not resolved, it may be reported to one or more of the following national credit reporting agencies: Equifax, TransUnion and Experian. If your debt is reported to the credit bureaus this could adversely affect your credit.

The law limits how long you can be sued on a debt. Because of the age of your debt, Hunter Warfield or CAMDEN BRICKELL 615 will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

Should you need to contact me for any reason, I can be reached by dialing 866-494-9902. We look forward to helping you resolve this matter.

Sincerely,
Ana Ventura,
Hunter Warfield

This communication is made for the limited purpose of responding to your dispute and is NOT an attempt to collect a debt.
See reverse side for important information.

4620 Woodland Corporate Blvd | Tampa, FL 33614
www.hunterwarfield.com | supportservices@hunterwarfield.com | www.payhwi.com

FEDERAL AND STATE DEBT COLLECTION LAWS AND/OR THE FAIR CREDIT REPORTING ACT REQUIRE THE FOLLOWING DISCLOSURES:

**Required by Fair Debt Collection Practices Act:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Required by Fair Credit Reporting Act:** You have a right to inspect your credit report.

**All States:** You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. The collection agent assigned to your account may change from time to time. If you experience any difficulty finding the appropriate collection agent handling your account, contact the collection manager at 866-494-9902.

**PAYMENT DISCLOSURES:**

**Payment by Check:** When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**Notice of Payment Fee Charge:** Should you elect to make payment by MoneyGram, Western Union, or a credit card; a separate fee will be charged to you by the payment service provider or processor. These fees are not charged by Hunter Warfield.